**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **and** | : | **Case No. 2:26-cv-207** |
| | : | |
| **STATE OF OHIO,** | : | **Judge Algenon L. Marbley** |
| | : | |
| **Plaintiffs,** | : | **Magistrate Judge S. Courter Shimeall** |
| | : | |
| **v.** | : | |
| | : | |
| **OHIOHEALTH CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER ENTERING PARTIES' STIPULATION

Plaintiffs United States of America (the "Government") and the State of Ohio brought this suit against Defendant OhioHealth Corporation on February 20, 2026, alleging unreasonable restraint of trade in violation of the federal Sherman Antitrust Act, 15 U.S.C. § 1, and illegal conspiracy against trade in violation of Ohio's Valentine Act, Ohio Rev. Code § 1331.04. (Compl., ECF No. 1 ¶¶ 57–64). This matter comes before this Court on the parties' proposed Stipulation and Order (ECF No. 29-1) and the Plaintiffs' Unopposed Motion to Enter Stipulation and Stay the Action (ECF No. 30). For the following reasons, the Court **GRANTS** Plaintiff's Motion (ECF No. 30) and enters the Parties' Stipulation.

The parties have agreed to "a proposed Final Judgment and Stipulation and Order," and the Government indicates that it "will file a Competitive Impact Statement explaining the proposed settlement," but the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)–(h) must first be satisfied. (ECF No. 29 at 1). The parties therefore request that this Court

1

sign and enter their proposed Stipulation and Order as soon as possible to "preserve[] competition during the [Antitrust Procedures and Penalties Act] proceedings." (*Id.* at 1–2).

Under the Antitrust Procedures and Penalties Act, "[a]ny proposal for a consent judgment submitted by the United States . . . shall be filed with the district court before which such proceeding is pending and published by the United States in the Federal Register at least 60 days prior to the effective date of such judgment." 15 U.S.C. § 16(b). Such a proposal must also be filed "in newspapers of general circulation of the district in which the case has been filed, in the District of Columbia, and in such other districts as the court may direct[.]" 15 U.S.C. § 16(c).

For good cause shown, this Court hereby **APPROVES, ENTERS, AND ORDERS** the Parties' following stipulation:

## I.    JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over the parties to it. Venue for this action is proper in the United States District Court for the Southern District of Ohio.

## II.    COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.    The proposed Final Judgment filed with this Stipulation and Order, or any amended proposed Final Judgment agreed upon in writing by the United States, the State of Ohio, and Defendant, may be filed with and entered by the Court as the Final Judgment, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on Defendant and by filing that notice with the Court.

B.      From the date of the signing of this Stipulation and Order by Defendant until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, Defendant will comply with all of the terms and provisions of the proposed Final Judgment.

C.      From the date on which the Court enters this Stipulation and Order, the United States and the State of Ohio will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section XII of the proposed Final Judgment will also apply to violations of this Stipulation and Order.

D.      Defendant agrees to arrange, at its expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after Defendant's receipt of (1) the text of the notice from the United States and (2) the identity of the newspaper or newspapers within which the publication must be made. Defendant must promptly send to the United States and the State of Ohio (1) confirmation that publication of the newspaper notices has been arranged and (2) the certification of the publication prepared by the newspaper or newspapers within which the notice was published.

E.      Any person who wishes to submit to the United States written comments regarding the proposed Final Judgment should do so within 60 calendar days beginning with the first day of the publication of the newspaper notice required by APPA or the publication of the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* as required by APPA, whichever is later.

3

F.      This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the United States, the State of Ohio, and Defendant and filed with the Court.

G.      Defendant represents that the actions it is required to perform pursuant to the proposed Final Judgment can and will be performed and that Defendant will not later raise a claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any provision of the proposed Final Judgment or this Stipulation and Order.

H.      This Stipulation and Order, including the proposed Final Judgment filed with this Stipulation and Order or any amended proposed Final Judgment agreed upon in writing by the United States, the State of Ohio, and Defendant, constitutes the final, complete, and exclusive agreement and understanding among the United States, the State of Ohio, and Defendant with respect to the settlement of the claims expressly stated in the Complaint filed in this above-captioned case, and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.

### III.    DURATION OF OBLIGATIONS

In the event that (1) the United States has withdrawn its consent, as provided in Paragraph II.A of this Stipulation and Order; (2) the United States and the State of Ohio voluntarily dismiss the Complaint in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Defendant is released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

4

Dated: June 16, 2026

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

FOR DEFENDANT
OHIOHEALTH CORPORATION:

/s/ Paul Torzilli
PAUL TORZILLI
KARL D. KNUTSEN
United States Department of Justice
Antitrust Division
Washington DC 20530
Telephone: (202) 476-0547
Email:  Paul.Torzilli@usdoj.gov

/s/ David DeVillers
DAVID M. DEVILLERS
BARNES & THORNBURG LLP
41 S. High St. Suite 3300
Columbus, Ohio 43215
Telephone: (614)-628-0096
Email: David.DeVillers@btlaw.com

FOR PLAINTIFF
STATE Of OHIO:

/s/ Thomas Collin
THOMAS J. COLLIN
Office of Ohio Attorney General D. Andrew Wilson
Antitrust Section
Principal Assistant Attorney General
Cleveland, OH 44113
Telephone: (216) 787-4484
Email: Thomas.Collin@OhioAGO.gov

Additionally, this Court has considered the record and Plaintiffs' request for a stay in light of its entry of the parties' proposed Stipulation and Order.

Plaintiffs' Unopposed Motion (ECF No. 30) is **GRANTED** and this action is **STAYED**. All litigation deadlines under the Preliminary Pretrial Order (ECF No. 11) are hereby **TOLLED** while the proposed Final Judgment (ECF No. 29-2) is subject to proceedings mandated under the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)–(h).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  July 2, 2026**